# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-63159-BLOOM

PETER SPOREA,

    Appellant,

v.

REGIONS BANK N.A.,

    Appellee.

_____/

## ORDER ON MOTION FOR RECONSIDERATION

**THIS CAUSE** is before the Court upon Appellant Peter Sporea's ("Appellant") Motion for Re-Consideration of Dismissal of Cases & Appeals as Fees Paid on Time and Designation of Sealed Documents filed timely Rule 8009(a)(1)(A), ECF No. [17] ("Motion"). The Court previously granted Appellant's request for an extension of time to pay filing fees until February 10, 2020, ECF No. [12]. On February 6, 2020, the bankruptcy court dismissed the instant appeal pursuant to Local Rule 87.4(c) for failure to timely file the designation of items for the record or statement of issues under Bankruptcy Rule 8009. ECF No. [15] ("Dismissal Order"). In the Motion, Appellant requests reconsideration of the dismissal because he attempted to pay the fee in person on February 10, 2020 and he contends that the designation of items was timely. The Court has carefully considered the Motion, the record in this case and the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is denied.

A motion for reconsideration requests that the Court grant "an extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002). A party may not use a motion for reconsideration to "relitigate old matters, raise

argument or present evidence that could have been raised prior to the entry of judgment." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (quoting *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005)). "This prohibition includes new arguments that were 'previously available, but not pressed.'" *Id.* (quoting *Stone v. Wall,* 135 F.3d 1438, 1442 (11th Cir. 1998) (per curiam)).

Within this framework, however, a court may grant reconsideration when there is (1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice. *Hood v. Perdue*, 300 F. App'x. 699, 700 (11th Cir. 2008). Thus, a motion to reconsider is "appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Kapila v. Grant Thornton, LLP*, No. 14-61194-CIV, 2017 WL 3638199, at *1 (S.D. Fla. Aug. 23, 2017) (quoting *Z.K. Marine Inc.*, 808 F. Supp. at 1563 (internal quotation marks omitted). A motion for reconsideration "is not an opportunity for the moving party . . . to instruct the court on how the court 'could have done it better' the first time." *Hood*, 300 F. App'x at 700 (citation omitted).

Upon review, Appellant's Motion is due to be denied. First, the Motion fails to comply with the pre-filing conference requirement set forth in Local Rule 7.1(a)(3). Second, the Motion fails to address any of the three potential grounds justifying reconsideration and therefore fails to set forth any ground warranting reconsideration. Third, although Appellant represents that he timely attempted to pay the filing fee, the Dismissal Order was premised upon his failure to timely comply with Bankruptcy Rule 8009. Furthermore, the record reflects that the notice that Appellant timely complied with Bankruptcy Rule 8009 was filed after the Dismissal Order, and does not

itself reflect that Appellant timely complied in the instant appeal. Accordingly, Defendant fails to demonstrate that reconsideration of the Dismissal Order in this case is justified.

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 18, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Peter Sporea, *pro se*
5041 NW 112th Drive
Coral Springs, Florida 33076