PETER SPOREA,

      Appellant,

v.

REGIONS BANK N.A.,

      Appellee.

_____/

## ORDER ON MOTION AND NOTICE OF CLARIFICATION AS MISTAKE, INADVERTENCE, SURPRISE, OR EXCUSABLE NEGLECT <u>TOOK PLACE PER RULE 60(b)(1)</u>

**THIS CAUSE** is before the Court upon Appellant Peter Sporea's ("Appellant") Motion and Notice of Clarification as Mistake, Inadvertence, Surprise, or Excusable Neglect took Place per Rule 60(b)(1), ECF No. [19] ("Motion"). The Court previously denied Appellant's motion for reconsideration, finding that Appellant failed to demonstrate that reconsideration of the order dismissing this case for failure to timely comply with Bankruptcy Rule 8009, ECF No. [15] ("Dismissal Order") was justified. *See* ECF No. [18]. In the instant Motion, Appellant again contends that he did timely comply with Bankruptcy Rule 8009, and thus that the Dismissal Order entered by the Bankruptcy Court should be vacated. The Court has carefully considered the Motion, the record in this case and the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is denied.

Pursuant to Rule 60, the Court may grant relief from a judgment or order upon several bases, including "mistake, inadvertence, surprise, or excusable neglect; . . . or any other reason that justifies relief." *See* Fed. R. Civ. P. 60(b)(1), (6). "By its very nature, the rule seeks to strike a

delicate balance between two countervailing impulses: the desire to preserve the finality of judgments and the 'incessant command of the court's conscience that justice be done in light of all the facts.'" *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401 (5th Cir.1981)[1] (quoting *Bankers Mortg. Co. v. United States*, 423 F.2d 73, 77 (5th Cir.1970)). Rule 60(b)(1) additionally "'encompasses mistakes in the application of the law,' including judicial mistakes." *United States v. One Million Four Hundred Forty-Nine Thousand Four Hundred Seventy-Three Dollars & Thirty-Two Cents ($1,449,473.32) in U.S. Currency*, 152 F. App'x 911, 912 (11th Cir. 2005) (quoting *Parks v. U.S. Life & Credit Corp.*, 677 F.2d 838, 840 (11th Cir. 1982)). "The determination of what constitutes excusable neglect is generally an equitable one, taking into account the totality of the circumstances surrounding the party's omission." *Sloss Indus. Corp. v. Eurisol*, 488 F.3d 922, 934 (11th Cir. 2007).

Upon review, even construed liberally as required of *pro se* filings, Appellant's Motion is due to be denied. First, the Motion, like Appellant's motion for reconsideration, fails to comply with the pre-filing conference requirement set forth in Local Rule 7.1(a)(3). Second, the Motion fails to set forth any facts to support Appellant's contention that there has been mistake, inadvertence, surprise or excusable neglect in his apparent failure to timely comply with Bankruptcy Rule 8009. While Appellant asserts that he complied with the Rule on January 22, 2020, the record reflects no filing by Appellant on that date in this case. Accordingly, Appellant fails to demonstrate that he is entitled to relief under Rule 60(b)(1).

As a result, it is **ORDERED AND ADJUDGED** that Appellant's Motion, **ECF No. [19]**, is **DENIED**.

---

[1] In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent former Fifth Circuit decisions handed down prior to September 30, 1981.

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 24, 2020.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Peter Sporea, *pro se*
5041 NW 112th Drive
Coral Springs, Florida 33076